## STATE v. RANDALL EUGENE OLSON.

220 N. W. 2d 827.

July 26, 1974—No. 44418.

*C. Paul Jones,* State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Keith M. Brownell,* County Attorney, and *Robert E. Lucas,* Assistant County Attorney, for respondent.

PER CURIAM.

Defendant, who was charged with aggravated robbery, pleaded guilty to the charge pursuant to a plea agreement negotiated by the public defender representing him and, after a presentence investigation, received the sentence for which he had bargained. On this appeal from judgment of conviction, defendant contends that the trial court erred in denying his request, made before sentence was imposed, for permission to withdraw his guilty plea. In support of his claim that it was a

manifest injustice for the trial court to deny withdrawal,[1] defendant points to (1) his presentence testimony that unavailability of witnesses had prompted his plea, and (2) his attorney's failure to demand a Rasmussen hearing or a change of venue. We have examined the record carefully and conclude that there is no merit to defendant's claim. The trial court was under no obligation to believe defendant's testimony that unavailability of witnesses prompted his plea, especially since defendant, when he entered his plea, had testified that he was pleading

---

[1] A. B. A. Standards for Criminal Justice, Standards Relating to Pleas of Guilty (Approved Draft, 1968) § 2.1, provides as follows: "(a) The court should allow the defendant to withdraw his plea of guilty or nolo contendere whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice.

"(i)  A motion for withdrawal is timely if made with due diligence, considering the nature of the allegations therein, and is not necessarily barred because made subsequent to judgment or sentence.

"(ii)  Withdrawal is necessary to correct a manifest injustice whenever the defendant proves that:

(1)  he was denied the effective assistance of counsel guaranteed to him by constitution, statute, or rule;

(2)  the plea was not entered or ratified by the defendant or a person authorized to so act in his behalf;

(3)  the plea was involuntary, or was entered without knowledge of the charge or that the sentence actually imposed could be imposed; or

(4)  he did not receive the charge or sentence concessions contemplated by the plea agreement and the prosecuting attorney failed to seek or not to oppose these concessions as promised in the plea agreement.

"(iii)  The defendant may move for withdrawal of his plea without alleging that he is innocent of the charge to which the plea has been entered.

"(b)  In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty or nolo contendere as a matter of right once the plea has been accepted by the court. Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea."

guilty because he was guilty and not because of the unavailability of any witnesses. And with respect to the alleged inadequacy of counsel, we need say only that (a) there was no need for counsel to demand a Rasmussen hearing because the record is clear that the state did not intend to introduce any evidence that would require such a hearing, and (b) there is nothing in the record to suggest any basis for a change of venue.

Affirmed.